UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE: THE BANKRUPTCY OF: ) CHAPTER 13 PROCEEDING
)
TIMOTHY DONALD TAYLOR ) CASE NO.: 17-23253-jra
      Debtors. )

## CHAPTER 13 PLAN

**A. PLAN PAYMENTS**

    1.    Debtor(s) will make payments in the amount of $2,069.00 per month.

    2.    Debtor(s) estimate the Plan length of 60 months. **The Plan payment will commence not later than 30 days from the date of filing of the voluntary petition or date of conversion.**

    3.    **Debtor will pay all statutory adequate protection payments through the Trustee office.** As such, provided the Debtor begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.

    4.    For all years the Debtor(s) is under this Chapter 13 Plan, the Debtor(s) will pay any combined refunds over $750.00 to the Trustee. The Trustee will apply any tax refunds received from Debtor first, to any allowed administrative claims, then to any allowed secured claims, and lastly to any allowed general unsecured claims as under a "base plan". To the extent that the tax refunds reduce the total amount to be paid in the plan under Paragraph 1, the plan length shall be reduced accordingly. However, the plan shall not be reduced to fewer than 36 months, unless the Trustee has received enough funds to pay creditors 100% of allowed claims.

    5.    Debtor(s) have prorated all income tax refunds into the disposable income and current monthly income calculations.

    6.    To meet the best interests of creditors test, the means test and/or disposable income test, the Class Eight General Unsecured Creditors will receive no less than 0% of allowed claims.

**B.    DISBURSEMENTS BY TRUSTEE**

    **1.    Class One - Administrative Expenses**

        a.    *Trustee fees* as determined by statute.

b.  *Attorney fees and costs:* Attorney's fees will be paid after Class Two. Four and Nine monthly payments are post-petition current.

   __X__   An agreed fee of $3,400.00 less amounts paid as disclosed in the Rule 2016(b) Statement, leaving a balance due of $1,900.00.
   ____   Attorney's fees to be applied for and approved by the Court.

**2.    Class Two - Continuing Claims:** Those secured claims on which the last payment is due beyond the length of the Plan. Trustee shall commence payments from the date of the filing of the petition unless the proof of claim provides for a later date. This class will be paid their monthly payment pro-rata with the Class Four and Nine.

| CREDITOR | ADDRESS OF COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| CITI Mortgage | 2322 Westwood Lane, Chesterton, IN | $1,378.00 |
| 5/3 Bank | Same | $167.00 |

**To the extent that the Class Two Creditor incurs post petition fees or costs pursuant to the mortgage contract, pursuant to Section E, it is the Creditor's duty to apply for, and have approved, such post petition costs and fees by the Bankruptcy Court BEFORE applying any post petition payments. IF CREDITOR FAILS TO APPLY AND HAVE APPROVED POST PETITION COSTS AND FEES PURSUANT TO THE PROVISIONS CONTAINED HEREIN IN SECTION E, SUCH COSTS MAY BE DEEMED DISALLOWED AND ANY ATTEMPT TO COLLECT AFTER DISCHARGE MAY BE CONSIDERED A VIOLATION OF 11 U.S.C.§524(I).**

**3.    Class Three - Pre Petition Arrearage on Continuing Claims:** To the extent the claim and Plan conflict, the Trustee shall pay the allowed proof of claim. This class will be paid pro-rata after Classes Two, Four and Nine.

| Creditor/Collateral | Address of Collateral | Estimated Arrears Amount | Interest Rate if Mortgage prior to 10/1994 |
|---|---|---|---|
| CITI Mortgage | 2322 Westwood Ln, Chesterton | $10,000.00 | n/a |

**4.    Class Four - Secured Claims:**

**A. Class Four(a)** creditors shall be paid the replacement value of their collateral, retain their liens until discharge and shall be paid a monthly payment pro-rata with the Class Two, Four and Nine. To the extent that the proof of claim filed and confirmed Plan conflict, the Trustee **shall pay the value pursuant to the Plan provisions** with the remaining amount under the claim treated as a Class Eight unsecured Claim.

| Creditor | Collateral | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| NONE. | | | | |

**FAILURE TO OBJECT TO THIS TREATMENT OF CLASS FOUR (A)**

**CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE, INTEREST RATE AND MONTHLY PAYMENT.**

B. **Class Four(b)** creditors **shall be paid the principal amount of their allowed claim,** estimated below, retain their liens until discharge and shall be paid a monthly payment pro-rata with the Class One, Two, Four and Nine creditors.

| Creditor | Collateral | Est. Claim Balance | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| NONE | | | | |

**FAILURE TO TIMELY OBJECT TO CONFIRMATION OF THIS PLAN PROVISION SHALL BE DEEMED ACCEPTANCE OF INTEREST RATE AND MONTHLY PAYMENT.**

C. **Class Four(c)** creditors have allowed secured claims for pre-petition real estate taxes. The Treasurer shall retain the lien on the Debtor's real estate securing such tax claim, and to the extent that the taxes are not paid timely during the bankruptcy, upon notice to the Trustee, the estate will pay the remaining portion of the secured claim through the Trustee. Debtor(s) will then have the duty to increase their payments to provide for the additional claim. Class Four(c) claims shall be concurrently with Class Six.

| County | Address of Real Estate |
|---|---|
| NONE | |

**5**. **Class Five - Secured Creditors - MOTION TO AVOID LIEN:** Class Five creditors were secured at one time, but are **stripped and voided** as the value of the Creditor's interest claim shall be, upon discharge, completely stripped away by §506(a), voided by §506(f) and, pursuant to §1327(c), the Debtor's property shall be free and clear of all said pre-petition liens listed below. **Class Five creditors shall only have a Class Eight unsecured claim which must be timely filed to be allowed.**

| Lien Holder | <u>Legal Description of property</u>:<br>City/Court Cause or County Recorded | JDMT Date Mortgage Acct. Number | JDMT Amount or Mortgage Date | or Mortgage Amount |
|---|---|---|---|---|
| Snow & Sauertage | Porter County, Indiana | 9/24/2014 | $588.48 | |

**6**. **Class Six - Priority Unsecured Claims U.S.C. §1322(a)(2):** All allowed priority claims entitled to priority under 11 U.S.C. §507 shall be paid in full during the Plan. This class will be paid pro-rata after Class Three Secured Claims are paid in full.

    Ill. Dept Rev         $178.50
    IRS                   $12,053.79

**7**. **Class Seven - Special Unsecured Claims:** Class Seven claims shall be paid in full and concurrently with Class Six Priority Unsecured Claims.

| Creditor | Amount | Reason for Special Treatment |
|---|---|---|
| NONE | | |

**8.    Class Eight - General Unsecured Claims:** General Unsecured Claims shall be paid a pro-rata minimum of $00.00.

**9.    Class Nine - Executory Contracts and/or Unexpired Leases of Personal Property** [11 U.S.C. §1322(b)(7) and 11 U.S.C. §]  The following Class Nine creditors have their leases/executory contracts ACCEPTED/ASSUMED and shall be paid their continuing, post-petition monthly lease payment through the Trustee and shall be paid a monthly payment pro-rata with the Class Two and Four creditors.  Class Nine creditors shall be paid their pre-petition default in the amount set forth below pro-rata with Class Three creditors.

**Continuing, Post Petition Obligations:**

| Creditor | Collateral | Assume/Reject | Regular Payment | Contract Expiration Date |
|---|---|---|---|---|
| | | | | |

**Pre-Petition Default:**

| **Creditor** | **Collateral** | Estimated Amount of Default |
|---|---|---|
| NONE | | |

Those executory contracts and/or unexpired leases not listed herein are rejected. The Automatic Stay shall be lifted upon confirmation of the Plan with respect to any rejected executory contract or unexpired lease assumed that is to be paid directly be the Debtor.

**C.    PAYMENTS MADE DIRECT BY THE DEBTOR**

**1.    Class One - Continuing Claims that are CURRENT as of the date of the filing of the Petition.  Debtor** shall commence payments from the date of the filing of the petition.

| Creditor | Address of Collateral |
|---|---|
| NONE | |

**2.    Class Two - Secured Claims that are co-signed.**  Debtor/Co-signer shall maintain regular monthly payments from the date of the petition.

| Creditor | Address of Collateral |
|---|---|
| Joyce C. Taylor | 2011 Ford Edge |

**D.    PROPERTY SURRENDERED**

**1.    Surrender of Collateral.** The Debtor will surrender Debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors.  Upon the entry of the Order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S.C. §362(d). If the surrendered property is not subject to 11 U.S.C. §1325(a)(9), the creditor may file a deficiency claim after sale, which, if allowed, would be treated as Class Eight General Unsecured Claims as above. Said deficiency claim will be paid as a Class Eight Unsecured if

such creditor timely files or amends its claim for such deficiency.

        Creditor                          Collateral
        NONE

**E.**    **GENERAL PROVISIONS**

    **1.**    **Vesting, Possession of Estate Property and lien Retention:** All debtor's property shall remain property of the estate until discharge. The Debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

    **2.**    **Debtor's Causes of Action:** Debtor will file a Motion to Hire Counsel and Motion to Compromise for all causes of actions held by the Debtor.

    **3.**    **Surrender or Abandonment of Collateral:** Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

    **4.**    **Prohibition Against Incurring Post-petition Debt:** While this case is pending, the Debtor will not incur debt without first obtaining approval from the Court or the Trustee.

    **5.**    **Proof of Claims Required for Distributions:** To receive distributions from the Trustee under this Plan **all creditors, including holders of secured claims,** must file a Proof of Claim with the Bankruptcy Court.

    **6.**    **Debtor Duty to Maintain Insurance:** Debtor will maintain all insurance required by law and contract upon property of the estate and Debtor's property.

    **7.**    **Curing of Mortgage Defaults:** The rights of holders of claims secured by a mortgage on real property of the Debtor, proposed to be cured in Paragraph 2 of Section B of this Plan, shall be modified only to the extent paying the amounts specified in Paragraph 2 of Section B, while making all required post-petition principal, interest and escrow payments, shall result in full reinstatement of the mortgage according to its original terms, extinguishing any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection and post-petition costs and fees as outlined below.

    **8.**    **Entry of Orders Lifting Stay:** Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

    **9.**    **Secured Claims will be paid the value listed in the Plan or the value of the collateral listed in the Proof of Claim - whichever is less.** Apart from establishing the extent to which an under-secured claim is to be allowed as secured [where Plan specifies value of collateral for purposes of 11 U.S.C. §506(a) and 1325(a)(5)(B)(ii)], confirmation of this Plan shall not be deemed to determine claim balances nor shall confirmation preclude or limit Trustee's or Debtor's

right or ability to object to Proofs of Claims subsequent to confirmation, irrespective of whether or not the claim holder filed its claim prior to, or subsequent to, confirmation.

**10.** **It is the Debtor's intent to provide for every claim** unless specifically stated otherwise. Unless the claim is set forth specifically in this Plan as a secured claim, the Debtor is purposely classifying the claim as unsecured.

**11.** **Other Provisions:** ___NONE___

**Dated: 1/22/2018**


___/s/  Michael A. Fish___
Michael A. Fish, #21628-03
1610 Pointe Drive, Ste B2
Valparaiso, IN 46383
219/595-3003